STATE OF MINNESOTA )<br>
) ss. AFFIDAVIT OF DAVID LIGNEEL<br>
COUNTY OF HENNEPIN )

1. I am currently employed as a sergeant with the Minneapolis Police Department assigned to the Homicide Unit. I have been with the Minneapolis Police Department for over 28 years and have served as an officer and sergeant in the Patrol Division, an investigator with the MPD / Federal Bureau of Investigation (FBI) Safe Streets Violent Gang Task Force for over 10 years. I am also currently a Task Force Officer with the FBI, serving on the FBI Safe Streets Violent Gang Task Force. My duties and responsibilities include conducting criminal investigations of individuals and entities for possible violations of Federal laws, particularly those laws found in Title 18 of the United States Code. I am thus an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code.

2. My current assignment involves the regular investigation of violent criminals, criminal organizations (including street gangs), and possession of firearms by prohibited persons. In the course of my investigations, I have used cooperating informants, pen register/trap and trace devices, wiretaps, and video and audio surveillance. Additionally, I have received training in conducting investigations of Organized Crime and Street

Gangs, financial crimes investigations, basic narcotics investigations, how to utilize informants, how to conduct social media investigations, as well as training in how to field-test narcotics, concealment methods used to hide narcotics in vehicles, basic search warrant writing, and Cellular Analysis (GPS & Cell Tower Data) training. I have received this training from a number of different sources ranging from the National Gang Crime Research Center, U.S. Department of Justice, Midwest Counter Drug Training Center, Minnesota Bureau of Criminal Apprehension, Federal Bureau of Investigation, and the Minneapolis Police Department.

1. This affidavit is submitted for the limited purpose of establishing probable cause in support of issuing a complaint and arrest warrant for Amiir Mawlid ALI for unlawfully possessing a machinegun in violation of Title 18, United States Code, Section 922(o)(1) and 924(a)(2).

3. The facts in this affidavit come from my personal observations, physical surveillance, my training and experience, and information obtained from other law enforcement agents and witnesses. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

**PROBABLE CAUSE**

4. At approximately 3:44 p.m. on June 3, 2025, MPD officers of the 4th Precinct Community Response Team on patrol observed a Honda Accord fail to make a complete stop at the intersection of 27th Street East and 18th Avenue South in Minneapolis, Minnesota. The vehicle then accelerated aggressively through the intersection, and officers noted the windows were tinted to such a degree that they could not observe the interior of the vehicle.

5. The vehicle's three occupants were identified; MPD Officer Mohamed Jama recognized the front passenger as Amiir Mawlid ALI. Officer Jama knew from prior investigations that ALI was associated with multiple recent gang-related shootings and was known to carry firearms. When officers asked if there were any firearms or dangerous weapons in the vehicle, the occupants all hesitated before replying, "No." Officers observed ALI repeatedly looking down at the passenger floorboard area and moving objects at his feet.

6. The occupants stated they were heading to the Edina High School graduation ceremony at the University of Minnesota. Officers were aware of a shooting that occurred at the Wayzata High School graduation ceremony at the same location just four days earlier.

7. Officers removed the occupants from the vehicle for officer safety and Officer Jama easily observed a firearm under the passenger seat where ALI was sitting, the same area with which ALI was fixated throughout the

stop.

8. The firearm was a Glock 29gen5 10mm semiautomatic pistol bearing serial number CENM539 and was equipped with a fully automatic conversion device, commonly known as a "switch" and a loaded, 33-round extended magazine with a round in the chamber.

9. The driver of the vehicle provided a statement to police, saying that ALI brought the firearm into the vehicle. The rear passenger of the vehicle denied any knowledge of the firearm. ALI refused to provide a statement.

10. In recorded jail calls, ALI told another individual that, upon his release, he would need a "button." Based on training and experience, I know that "button" is a slang term for a switch or machinegun conversion device.

11. Based on the information set forth above, there is probable cause to believe that the Defendant, Amiir Mawlid ALI, violated Title 18, United States Code, Sections 922(o)(1) and 924(a)(2) by unlawfully possessing a machinegun.

Further your Affiant sayeth not.

Sgt. David Ligneel, Task Force Officer
Federal Bureau of Investigation

SUBSCRIBED and SWORN before me
by reliable electronic means via FaceTime
and email pursuant to Fed. R. Crim. P. 41(d)(3) on
June 5, 2025:

Dulce J. Foster
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MINNESOTA